## MOUNT VERNON BANK v. CHARLES M. STONE.

Where a bill makes charges of fraud, which are not established at the hearing, the bill will be dismissed, notwithstanding it states other grounds upon which relief might have been granted, if not blended with the allegations of fraud.

```
 2   129
 2   319
 4   198
 4   200
12   378
 2   129
19   144
 2   129
20   256
 2   129
f27  481
```

IN EQUITY. The Mount Vernon Bank was a Bank located in Foster, and the defendant was from the 8th of June 1844 to the 29th of May, 1850, their agent for the purpose of transacting the business of the Bank in the city of Providence, where the plaintiffs provided him with an office and books to be kept in the office, in which to record the business of his agency, and they paid him as such agent a salary of five hundred dollars *per annum.* The bill alleged first, that the defendant had not fully accounted and had refused to deliver and exhibit the books of the Bank to the plaintiffs, and, in the second place, charged that the defendant fraudulently concealed the said books, fraudulently used the money of the Bank, and by fraudulent representations obtained a release or discharge of a portion of said account, and a surrender of the bond given for the faithful discharge of his duties as agent. The bill prayed for a decree for an account, a delivery of the books of the Bank, a surrender of the release obtained from the plaintiffs and a return of the bond.

*Ames and Potter* for the defendants, contended that unless the allegations of fraud were sustained by the

proof, the plaintiffs were not entitled to a decree for an account, and cited, *Ferraby v. Hobson,* (22 Eng. Ch. R. 255.) *Glascott v. Long,* (Ibid 310.) *Price v. Berrington,* (7 Eng. L & Eq. R. 254.)

*Tillinghast & Bradley* for the plaintiffs contended, That the case of *Price v. Berrington* stands upon the charge of fraud alone. The bill sought to set aside a conveyance twenty-seven years after its execution. The lunacy of the grantor was proved. But the bill did not proceed upon that ground. It charged specifically fraud and fraud alone, no one circumstance constituting that fraud being supported by the evidence. This case is broadly different from ours. Our bill charges the agency, the ownership of the books, a place for their custody, the use of money by the agent, that he hath not fully accounted, and that he hath refused to deliver or exhibit the books. It does not charge that these transactions are fraudulent : nor call for a decree upon *the ground of* fraud alone as in the case cited. There is no doubt as to either of the facts charged. Are we not clearly entitled to the decree for an account and for our books upon these facts ? And as to the effect of the " further charge" of fraudulent concealment of books, &c. they contended that the charge was established by the proof, and that if it were not, the Court would not refuse to grant in this stage of the case a reference to the master, considering that they would have full power over the final decree, when the whole case should be fully before them upon the master's report.

GREENE, C. J., delivered the opinion of the Court.

The bill in this case alleges the appointment of the

defendant as agent of the plaintiffs, and states the business which he was to transact in that capacity. It alleges the purchase of books by the defendant, in which to record the business of his agency, and that such books were paid for by the defendant with the monies of the plaintiffs, and that the books are the property of the plaintiffs. The bill then alleges that the defendant has refused to deliver or exhibit to the plaintiffs the said books of account, and that the defendant has used the money and other property and credit of the plaintiffs while acting as such agent, by loaning the same and otherwise, and received therefor divers sums of money for which he has not fully accounted to the plaintiffs.

The bill then charges as follows, viz : " That the said Stone fraudulently conceals said books of account from the plaintiffs, and hath removed the same from the office and place of business of said agency, founded as aforesaid by the plaintiffs ; and that said Stone has received large sums of money belonging to the plaintiffs, and frauduletly retained portions of the same, and appropriated the same to his own use and benefit; and that the said Stone in the accounts he has rendered to the plaintiffs from time to time hath made false and fraudulent representations of his conduct and proceedings, to wit : among others, that he hath represented that he hath received smaller sums of money for interest than he did in fact receive as such agent, and by means of such false and fraudulent representations hath deceived the officers and agents of the plaintiffs, and hath obtained from them a certain release and discharge of a portion of said account and surrender of the bond executed by said Stone for the faithful discharge of the duties of said agency."

The bill, among other things prays, that the defendant may be decreed to surrender and cancel the release and discharge by him held from the plaintiffs, and to return the bond executed by him and his sureties for the faithful discharge of his duties in his said agency.

After a careful examination of the evidence in relation to the charges of fraud, we feel bound to say that the plaintiffs in our judgment have failed to prove them, and the only question which remains to be considered in the cause is, whether the bill ought to be dismissed, or sent to a master for an account, with liberty to the plaintiffs to prove any error or mistake in the settlement which has heretofore been made, and in the receipt or release given and executed by them, and also to prove any matters of claim not embraced by said settlement. This would be the ordinary course of the Court on a bill by the principal against his factor for an account. The difficulty in pursuing this course in the present case arises from the charges of fraud contained in the bill.

We think these charges constitute the principal ground of relief set forth in the bill, and we cannot permit the plaintiffs, after having failed to prove the fraud, to fall back on the allegation that the defendant has not accounted, and has not produced and delivered his books of account, and to treat the case as if no allegation of fraud was made. The rule in relation to this subject is stated by the Court in the case of *Price* v. *Berrington,* (7 Eng. L. & Eq. R. 260.) "When the bill sets up a case of actual fraud, and makes that the ground of the prayer for relief, the plaintiff is not entitled to a decree by establishing some one or more of the facts quite independent of fraud, but which might of themselves create a case under a totally distinct head of Equity from that which would

be applicable to the case of fraud originally stated." And the same principle is recognized in *Ferraby* v. *Hobson*, (22 Eng. Ch. R. 255,) and in *Glascott* v. *Lang*, (Ibid. 310.)

We think the rule is founded in the highest justice. A plaintiff ought not to be permitted, considering that a Court of Chancery is always open to allegations of fraud, to speculate upon the chances of relief upon that ground, and failing in that to fall back upon a different ground.

Bill dismissed with costs, without prejudice, except as to the charges of fraud.