MICHAEL F. O'CONNOR *vs.* BRIDGET O'CONNOR.

PROVIDENCE—OCTOBER 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Where actual fraud is charged, and the court finds that no fraud was intended or proved, the bill, under the strict rule of equity pleading, should be dismissed, though it contain other allegations upon which relief may be granted.

But if the bill be amended, upon conditions that will place the parties in the same position as though the bill had been dismissed and a new bill filed, the reason of the rule will have been attained.

BILL IN EQUITY by a ward to set aside a general release given to his guardian, and for an accounting. Heard on pleadings and proofs. A decision on the respondent's demurrer in this case is reported *ante* p. 130.

PER CURIAM. The court is of the opinion, on the testimony, that the release was executed under a mutual mistake as to its legal effect, and that it was not intended as an absolute release as between the complainant and respondent.

The court does not think that any fraud was intended or proved. As the bill charges actual fraud, under the strict rule of equity pleading it would have to be dismissed, though it contains other allegations upon which relief may be granted. *Mt. Vernon Bank* v. *Stone*, 2 R. I. 129; *Tillinghast* v. *Champlin*, 4 R. I. 173.

*Masterman* v. *Finnegan*, 2 R. I. 316, was a suit to set aside a deed of partition, on the ground that it was procured by the fraud of the respondent, and to have a new partition made, not only of the land embraced in the deed, but also of other land owned in common by the complainant and respondent, and the complainant failed to establish the charge of fraud. The court, nevertheless, so far relaxed the rule as to retain the bill to make partition of the land not embraced in the deed, and charged the complainant with the respondent's costs to the rendering of the decree sending the cause to the master.

In the circumstances of the present suit, we have concluded

to permit the bill to be amended by striking out the charge of fraud, on payment by the complainant of the respondent's costs to the time of the hearing. The practical effect of this course is to put the parties in the same position as though the bill had been dismissed and a new bill filed, and the reason of the rule requiring a dismissal of the bill will have been attained.

When the respondent's costs have been paid, and the bill amended as above directed, a decree for an account may be entered.

*Patrick H. Mulholland and James A. Williams*, for complainant.

*Patrick J. McCarthy*, for respondent.