GEORGE A. SCHUYLER, *c. t. a. vs.*, SAMUEL H. STEPHENS.

MARCH 7, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Equity. Fraud.*

The long-established rule in this State, in equity, requires that where a bill makes charges of actual fraud which are not established at the hearing, the bill must be dismissed, notwithstanding it states other grounds upon which the relief might have been granted if not blended with the allegations of fraud.

APPEAL IN EQUITY from decree of Superior Court of the county of Providence. Decree reversed, and bill dismissed.

PARKHURST, J. This is an appeal in equity from the decree of the Superior Court, sitting in the county of Providence.

This bill in equity was brought by the complainant as administrator, with the will annexed, on the estate of Mary T. Merriss, late of Pawtucket, deceased, against Samuel H. Ste-

phens, of Central Falls, R. I., for the purpose of recovering from the respondent certain certificates of stock, bank-books, and other personal property claimed by the complainant to belong to the estate of said deceased, but, at the time of filing the bill, in the hands of the respondent, and claimed by the respondent to have been given to him by the said deceased shortly before her death.

The complainant charges fraud on the part of the respondent, and seeks to establish a trust for the benefit of complainant, as administrator under said will, in said personal property and to have the same turned over to him as such administrator.

After a full hearing before the Superior Court upon the pleadings and proofs, the Superior Court entered its decree, granting the relief prayed for by the complainant as to the principal items of property claimed, and the respondent prosecuted this appeal.

The Superior Court in its opinion decides that "the only fraud charged in the bill is constructive fraud," etc. We can not agree with this decision. We are of the opinion that the bill charges the respondent with actual fraud in the procuring of the gift; and also charges such conduct and such facts and circumstances and such relations between the deceased and the respondent in relation to the gift as, if proved, would be sufficient to import constructive fraud; and that the bill was so framed as to lay the foundation for proof of actual fraud as well as of constructive fraud. These charges of both actual and constructive fraud are so interlaced and interwoven with each other that it is difficult to separate them; but it is evident upon reading them that it would have been competent for the complainant to offer proof of the forgery of the body of the paper writing purporting to be a gift, or of the signature to the same; or that the same was signed by the deceased under duress or threats, or by reason of actual misrepresentation; and many other things are alleged, proof of which would have shown actual fraudulent conduct on the part of the respondent.

A careful reading of the record of testimony fails to diclose any evidence of actual fraud, force, threats, misrepresentations, or other conduct on the part of the respondent amounting to

actual fraud. The whole case of the complainants, as disclosed by the evidence, rests solely upon the claim that, by reason of the relations between the deceased as patient and the respondent as physician, confidential adviser, and friend, a presumption of fraud in obtaining the gift for his own benefit arises as against the respondent, and that he has failed to produce evidence which should be deemed by the court as sufficient to rebut the presumption.

(1) The rule has long been established in the courts of equity in Rhode Island (in full accord with the rule established in other jurisdictions) that where a bill makes charges of actual fraud, which are not established at the hearing, the bill will be dismissed; notwithstanding it states other grounds upon which relief might have been granted if not blended with the allegations of fraud. *Mount Vernon Bank* v. *Stone*, 2 R. I. 129 (1852); *Masterson* v. *Finnigan*, 2 R. I. 316; *Tillinghast, Rec'r.* v. *Champlin*, 4 R. I. 173, 198–203. In the latter case Ames, C. J., carefully examines and fully states the grounds of the rule, with a clear exposition of the authorities and reasons upon which it rests, and the same rule has been recognized and reaffirmed in the later cases of *Earle* v. *Chace*, 12 R. I. 374 (1879); *O'Connor* v. *O'Connor*, 20 R. I. 256 (1897).

It will be noted also that the rule is expressly affirmed, both in *Tillinghast* v. *Champlin* and in *Earle* v. *Chace*, as applied to actual or moral fraud as distinguished from constructive fraud.

We find, therefore, that the decision of the Superior Court is contrary to the established rule of equity procedure in this State; the decree of the Superior Court is reversed, and the cause is remanded to the Superior Court with directions to enter a decree dismissing the bill, with costs, but without prejudice.

*Claude J. Farnsworth and James F. Murphy,* for complainant.
*Dubois and Dubois,* for respondent.